United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Kathy Sue Wolgamuth  
    Debtor

Case No. 15-11321-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: YvetteWD     Page 1 of 1     Date Rcvd: Oct 16, 2018  
                Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2018.  
db          +Kathy Sue Wolgamuth,    159 Oak Knoll Circle,    Millersville, PA 17551-2203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2018                                           Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 16, 2018 at the address(es) listed below:
       ANDREW F GORNALL    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
        agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
       JOHN A. DIGIAMBERARDINO    on behalf of Debtor Kathy Sue Wolgamuth jad@cdllawoffice.com,
        dmk@cdllawoffice.com
       LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com,
        dmaurer@pkh.com;mgutshall@pkh.com
       LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al... lhaller@pkh.com,
        dmaurer@pkh.com;mgutshall@pkh.com
       REBECCA ANN SOLARZ    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
        bkgroup@kmllawgroup.com
       THOMAS I. PULEO    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
        tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
       WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
        philaecf@gmail.com
       WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
       WILLIAM EDWARD CRAIG    on behalf of Creditor    American Honda Finance Corporation
        ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                       TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy Sue Wolgamuth<br>               Debtor(s) | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982)<br>               Movant<br>vs. | NO. 15-11321 AMC |
| Kathy Sue Wolgamuth<br>               Debtor(s) | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>               Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $25,106.25, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2016 through October 2018 at $977.00/month |
| Late Charges: | October 2016 through October 2018 at $27.25/month |
| **Total Post-Petition Arrears** | **$25,106.25** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall submit a substantially complete loss mitigation application by December 1, 2018

    b) Debtor shall obtain a trial modification by January 1, 2019

    c) Debtor shall obtain a permanent modification by June 1, 2019

3. Additionally, beginning on November 1, 2018, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 25, 2018             By:  /s/ Rebecca A. Solarz, Esq.
                                            Rebecca A. Solarz, Esq.
                                            Attorney for Movant


Date:   10/12/18
                                            John A. DiGiamberardino Esq.
                                            Attorney for Debtor(s)


Approved by the Court this 16th day of October, 2018. However, the court retains discretion regarding entry of any further order.

                                            Bankruptcy Judge
                                            Ashely M. Chan